## James Nesom, Tutor, *v.* T. B. D'Armand.

After argument of an exception, but before judgment thereon, plaintiff claimed the right of making proper parties by amendment, in case the exception should be sustained. *Held:* Plaintiff had not the legal right to qualify the submission of the exception to the decision of the court.

APPEAL from the District Court of the Parish of East Feliciana, *Sterling, J. Winter*, for plaintiff and appellant. *Muse & Merrick*, for defendant.

CAMPBELL, J. This suit was instituted by plaintiff, as tutor of *Pleasant Kirby*, a minor. He also assumed to represent in the suit, the co-heirs of his pupil, by making them parties plaintiff, and claiming judgment in their behalf. The petition is " for his own use in said capacity, and also for the use of *Margaret Kirby*, wife of *Thomas G. East*, and of the said *Thomas G. East*, in his capacity as administrator of the estate of *Reuben Kirby*, deceased." *Margaret* and *Reuben* being co-heirs with *Pleasant*.

The petition was excepted to on the ground, among others, that *Nesom* had no authority to represent *Margaret Kirby*, wife of *Thomas East*.

This exception was properly sustained, and the suit dismissed. The plaintiff now complains, that after the argument of the exception, but before judgment thereon, he claimed the right of making proper parties by amendment, in case the exception should be sustained; and to the refusal of the court to reserve in his judgment the right to amend, this appeal has been taken.

As the plaintiff persisted in demanding a decision of the exceptions, we cannot say the court erred in disregarding the reservation with which he chose to accompany it. He had not the legal right to qualify the submission of the exception to the decision of the court; and although we might not have reversed the ruling of the District Judge, had he thought proper to allow such a reservation, we, on the other hand, cannot say that in his refusal to do so, under the circumstances stated, there was error, authorizing a reversal by this court, at the costs of the appellee, who rightfully resisted an action improperly brought.

Judgment affirmed.